**SO ORDERED.**

**SIGNED this 13 day of November, 2023.**

_____
**David M. Warren**
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

**In re: TSR LLC,**

      **Debtor.**

Case No.: 23-01577-5-DMW

**CONSENT ORDER WITH REGARD WIZARDS OF THE COAST LLC'S MOTION FOR CONFIRMATION THAT THE AUTOMATIC STAY DOES NOT APPLY OR, IN THE ALTERNATIVE, FOR RELIEF FROM THE AUTOMATIC STAY**

THIS MATTER is before the Court upon the consent of Movant Wizards of the Coast LLC ("Wizards") and John C. Bircher, Chapter 7 Trustee ("Trustee"). Based on the consent of the parties, the Court makes the following findings of fact and conclusions of law:

FINDINGS OF FACT

1.    Wizards has ongoing litigation pending in the United States District Court for the Western District of Washington with Debtor TSR LLC ("Debtor"), its principal and creditor Justin LaNasa ("LaNasa"), and Dungeon Hobby Shop Museum ("Museum"), an affiliated business (together, the "LaNasa Parties"), over infringement of Wizards' common law trademark rights. That Washington litigation was automatically stayed by Debtor's bankruptcy petition.

2.    Wizards contends that following the Petition Date, LaNasa began violating a protective order from the Washington federal court that barred the parties from harassing or otherwise attempting to unduly influence witnesses in that case. Wizards contends that it needs to move the Washington court to enforce that protective order and for sanctions for its violation.

3.    Wizards is a publisher of fantasy games, including the renowned Dungeons & Dragons game franchise, which it acquired through its 1997 acquisition of D&D's original

publisher TSR, **_Inc_**. In 2021, newly-formed TSR **_LLC_** sued Wizards in the Western District of Washington, seeking a declaratory judgment that Wizards does not own various trademarks originally established by TSR, **_Inc._**, including the work mark "TSR," various logos, and marks for "Star Frontiers," another game originally published by TSR, **_Inc._** See 21-cv-1705, Dkt. 1 (W.D. Wash. Dec. 29, 2021). Wizards filed an answer stating its common-law trademark rights in the marks due to continuous use predating TSR LLC's use and asserting counterclaims against Debtor, LaNasa, and the Museum for infringing its rights. 21-cv-1705, Dkt. 11.

4. In connection with the Washington litigation, Wizards subpoenaed third-party witnesses Don Semora and Michael Hovermale in fall 2022. Shortly after receiving these subpoenas, Semora and Hovermale were subjected to harassing and threatening posts online and in direct communications. Among other things, Semora was the subject of a highly harassing website, donosemora.com. This website publicized personal information about Semora and disparaged him and his businesses. Wizards' counsel contacted the LaNasa Parties' counsel regarding this website and other harassment occurring in September and October 2022, and it ultimately brought the behavior to the Washington court.

5. The Washington court entered the parties' stipulated protective order on November 4, 2022. Under that order, parties are barred from "any direct or indirect conduct to improperly influence testimony or participation in this lawsuit," including:

- any public, limited audience, or private statements intended to or likely to have the effect of harassing, intimidating, threatening, or otherwise improperly influencing Witnesses or a Party in this litigation;
- the actual or threatened dissemination of any personal information about Witnesses or a Party, including information of a personal nature regardless of whether it may be available in the public domain;
- use of a Witness's or a Party's name or likeness in a derogatory or harassing manner;
- false and intentionally harassing reports to law enforcement about a Witness or a Party;
- solicitation, encouragement, or suggestion for others to perform any conduct barred by this Protective Order; and
- any other behavior intended to or likely to have the effect of improperly influencing a Witness or a Party.

6. To Wizards' knowledge, these harassing activities ceased for some time in compliance with the protective order. However, when the Debtor filed for bankruptcy on June 8, 2023, the perpetrators of the witness intimidation and harassment allegedly resumed their behavior.

7. This alleged activity violated the Washington court's protective order and should be brought to that court's attention. *See* 21-cv-1705 Dkt. 47 ¶ 4 ("Any violation of this Protective Order shall be brought to the Court's attention."). Wizards filed its Motion seeking confirmation from this Court of its ability to do so without violating the bankruptcy stay, or, in the alternative, relief from the stay for that purpose.

CONCLUSIONS OF LAW

1. "As a general proposition, the stay imposed under § 362(a)(1) applies only to bar proceedings against the debtor, and does not apply to actions against non-debtor third parties or codefendants of the debtor." *Holland v. High Power Energy*, 248 B.R. 53, 57 (S.D.W. Va. 2000).

2. LaNasa and Museum are non-debtor third-parties and the automatic stay does not apply to those parties.

3. Pursuant to 11 U.S.C. § 541(a), the filing of the bankruptcy petition created an estate. The Trustee was appointed pursuant to Chapter 7 of the Bankruptcy Code. The creation of the estate and appointment of the Trustee had the legal effect of precluding LaNasa, and any other former officer or director of the Debtor, from acting on the Debtor's behalf. As a result, any conduct of LaNasa and/or Museum that occurred post-petition could not legally be imputed to the Debtor.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

A. The automatic stay does not apply to any action Wizards wishes to take with respect to LaNasa and/or Museum.

      B.      LaNasa's and/or Museum's post-petition conduct may not be legally imputed to the Debtor.

WE CONSENT:

| /s/ John C. Bircher III | /s/ Brian D. Darer |
|---|---|
| John C. Bircher III | Brian D. Darer |
| N.C. State Bar No. 24119 | N.C. State Bar No. 25383 |
| Davis Hartman Wright | Parker Poe Adams & Bernstein LLP |
| 209 Pollock Street | 301 Fayetteville Street, Suite 1400 |
| New Bern, NC 28560 | Raleigh, NC 27601 |
| Telephone: (252) 262-7055 | Telephone: (919) 828-0564 |
| Email: jcb@dhwlegal.com | Email: briandarer@parkerpoe.com |
| *Chapter 7 Trustee* | *Counsel for Wizards of the Coast LLC* |

END OF DOCUMENT